

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0671 | **DATE** | 2-27-13 |
| **CASE TITLE** | Jeffery M Harvey (A-51031) vs. Chicago Police Department, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff has paid the filing fee. The Clerk shall: (1) add the City of Chicago as a Defendant in this matter, (2) issue summons for service of the complaint as to Defendant City of Chicago, (3) dismiss Defendant the Chicago Police Department, (4) attach a Magistrate Judge Consent Form to the summons for Defendant, and (5) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for attorney assistance [2] is denied without prejudice. Plaintiff's "motion to add affidavit of veracity" [7] is denied as unnecessary.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Jeffery M. Harvey, a prisoner at the Danville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.
    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.
    Plaintiff alleges that on November 12, 20111, he was arrested at his home by two unknown Chicago Police officers. At the time of his arrest, he repeatedly requested that police officers get the medical devices and medicines that he needed to no avail. Plaintiff was held at police headquarters until November 15, 2011, during which time his pleas for medical attention were ignored.
    Plaintiff names the two unknown police officers as Defendants but he does not know their identities. Plaintiff also names the Chicago Police Department and the City of Chicago as Defendants. Plaintiff has sufficiently stated a claim against the unknown police officers for deliberate indifference to his serious medical needs. However, he has not sufficiently pled a claim against the remaining Defendants.
    First, the Chicago Police Department is not an entity separate from the City of Chicago and is not a suable party. *West By & Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir.1997); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001). Furthermore, Plaintiff does not allege a claim against the City of Chicago. A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not allege an unconstitutional policy or custom caused the police officers to be deliberately indifferent to his medical needs.
    Plaintiff does not know the names of the police officer Defendants. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County*

*Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, the City of Chicago is retained as a Defendant for the purpose of allowing Plaintiff to learn the identities of the unknown Defendants. Once Plaintiff has obtained service on the City of Chicago, and an attorney has entered an appearance on its behalf, Plaintiff must send defense counsel interrogatories (a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendants' identities, he may ask leave of court to amend his complaint to substitute their names in place of the unknown correctional officers. Summonses would then issue for service on the Defendants in interest.

The United States Marshals Service is appointed to serve Defendant the City of Chicago. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks the assistance of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to request counsel for Plaintiff, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7thCir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the Court concludes that granting Plaintiff the assistance of counsel is not warranted in this case at this time. Plaintiff has articulated colorable claims and has adequately investigated the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to grant Plaintiff the assistance of counsel at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney assistance is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

U.S. DISTRICT COURT
CLERK
2013 MAR -1 PM 4:49